### BLAIR et al. v. MINZESHEIMER et al.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. EVIDENCE—VARYING WRITING BY PAROL.

A contract in writing for the sale of corporate stock, providing that the purchaser will hold the same for 60 days irrespective of the market price, is not varied by evidence of a supplemental oral agreement by the seller to repurchase the stock at the end of that period, so as to require the exclusion of such evidence.

2. CORPORATIONS—SALE OF STOCK—BURDEN OF PROOF.

A purchaser of corporate stock who alleges a supplemental contract by the seller for a repurchase after a specified time has the burden of proof.

3. SAME—SUFFICIENCY OF EVIDENCE.

Evidence in an action for the price of corporate stock examined, and held insufficient to show a contract to purchase.

Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by David H. Blair and another against Gustave M. Minzesheimer and another. From a judgment for plaintiffs, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

John F. McIntyre, for appellants.
Israel Ellis, for respondents.

HOUGHTON, J. It is claimed by the plaintiffs and conceded by the defendants that the plaintiffs, as copartners, purchased from defendants and paid for 500 shares of stock of the Butte-New York Copper Company at $9 per share, and agreed to hold the same irrespective of the market price for the sixty days following such purchase. The sale was made slightly below the market, and this concession in price is alleged to be the inducement for the agreement not to sell within the specified period. It is claimed by the plaintiffs, however, that the defendants agreed in consideration of such purchase to take back at the end of the 60 days, if plaintiffs so elected, 400 of the 500 shares, and repay to plaintiffs the $9 per share which they had paid. The price of the shares having fallen, the plaintiffs tendered 400 shares, which the defendants refused to receive, and this action is brought to recover such purchase price. The jury rendered a verdict in plaintiffs' favor, and the defendants appeal.

The agreement to hold the 500 shares for 60 days was proved by defendants to have been reduced to writing, and signed by the plaintiffs. Defendants contend that, because such contract was in writing, oral evidence of an agreement to repurchase the stock was improperly admitted. We do not concur in this view. The written agreement related only to the holding of the stock for 60 days. Oral evidence that there was another and supplemental agreement to repurchase a portion of the stock at the same price at the end of that period did not tend to vary the terms of the written contract for the evidence related to a matter and alleged contract, outside and independent of the written one. The fact that a written agreement was made respecting the stock at the time of its purchase, and that nothing was provided therein relating to a repurchase, was an evidentiary circumstance in favor of defendants' contention that no agreement to repurchase was, in fact, made, else it would have been incorporated. The written agreement, however, provided for but one thing, and oral evidence that another and independent agreement was made, on the same occasion, to repurchase some of the stock at the end of the holding period, did not vary the terms of the written agreement and hence was proper evidence.

We are of the opinion, however, that upon the facts disclosed by the record, the agreement testified to by the plaintiffs was so improbable that the judgment must be reversed on the ground that the verdict was against the weight of evidence.

The defendants testified positively that no such agreement was made. The effect of the agreement claimed by the plaintiffs was to permit them to make whatever profit there might be on the purchase of the stock if the market price should rise, and to get back what they paid if it should fall. Of course, a broker might make such a bargain if he saw fit; but it is quite improbable that he would. No circumstances appear showing any reason for such an agreement by defendants. The contract is testified to by both of the plaintiffs and denied by both of the defendants. The burden of proof rested with the plaintiffs, and there are no corroborating circumstances supporting their contention; and, in view of the improbable character of the contract, we think the weight of evidence was so great in defendants' behalf that the verdict should have been set aside and a new trial granted.

The judgment and order should be reversed and a new trial granted, with costs to the appellants to abide the event. All concur, except IN-GRAHAM, J., who dissents.

INGRAHAM, J. (dissenting). I do not concur in the view that this contract sued on was so improbable that this court should reverse the verdict as against the weight of evidence. The defendants might have had such confidence in the future value of a stock, provided that it was not forced upon the market within 60 days, that they would be willing to sell it to the plaintiffs with the agreement that, if the plaintiffs would hold it for 60 days, they would then take it back if the plaintiffs desired to rescind the contract of purchase, and the court or jury would not be bound to refuse to credit positive evidence that such a contract was made. While the court would have been better satisfied with the verdict if it had been for the defendants, the plaintiffs expressly testified that such a contract was made, and, if the jury believed them, I see no reason for disturbing their verdict.

I think the judgment should be affirmed.

