BLAIR et al. v. MINZESHEIMER et al.

(Supreme Court, Appellate Division, First Department. May 7, 1909.)

1. APPEAL AND ERROR (§ 1194*)—REMAND—CONSTRUCTION OF DECISION.

Where the court on appeal reversed a judgment for plaintiff because the verdict was against the evidence, without suggesting that there was not a question for the jury, or that the trial judge would have been justified in directing a verdict for defendant, the trial court on a subsequent

trial was not authorized to dismiss the complaint on substantially the same testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4651–4655; Dec. Dig. § 1194.*]

2. APPEAL AND ERROR (§ 1194*)—REMAND—CONSTRUCTION OF DECISION.

Where the court on appeal reversed the judgment for plaintiff because the verdict was against the evidence, it was not error for the trial court on a subsequent trial to set aside the verdict for plaintiff on substantially the same testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4651–4655; Dec. Dig. § 1194.*]

Appeal from Trial Term, New York County.

Action by David E. Blair and another against Gustave M. Minzesheimer and another. From a judgment entered on dismissal of the complaint, plaintiffs appeal. Affirmed in part, and reversed in part.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, McLAUGHLIN, and CLARKE, JJ.

Philip C. Samuels, for appellants.
David C. Hirsch, for respondents.

INGRAHAM, J. This action was before tried, and resulted in a verdict for the plaintiff, which, upon an appeal to this court, was reversed upon the ground that the verdict was against the evidence. 124 App. Div. 177, 108 N. Y. Supp. 799. Upon the new trial, and upon substantially the same testimony, the court submitted the questions of fact to the jury, who again found a verdict for the plaintiff, whereupon the defendants moved upon the judge's minutes to set aside the verdict and for the direction of a verdict in favor of the defendant. That motion was granted, the court stating: "I am doing this because of the decision of the Appellate Division." From the order setting aside that verdict, and dismissing the complaint, the plaintiffs appeal. They also appeal from the judgment entered upon such dismissal of the complaint.

Upon the former appeal there was no suggestion that there was not a question of fact to submit to the jury, or that the trial judge would have been justified in directing a verdict for the defendant. A majority of the court, considering the improbability of the contract upon which the plaintiffs' claim was based and the fact that the testimony as to the making of such contract was uncorroborated, decided that the weight of the evidence was so great in the defendants' behalf that the verdict should be set aside and a new trial ordered. The learned trial judge misapprehended the effect of this decision. There was clearly a question of fact for the jury. The order, so far as it directs a dismissal of the complaint, and the judgment thereon, should be reversed.

The question is then presented as to whether the order setting aside the verdict upon the ground that it is against the evidence was justified. A majority of the court on the former appeal having held that

a verdict for the plaintiff was against the weight of evidence, and the trial judge having set aside a verdict, the order, so far as it set aside the verdict, must be affirmed.

The order directing a dismissal of the complaint, and the judgment entered thereon, is reversed, with costs to the plaintiff to abide the final result; and so much of the order as sets aside the verdict and directs a new trial of the action is affirmed, with costs to the defendant to abide the final result of the action. All concur.